**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**October 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **P.B., N.B., and A.B.**

**No. 18-0364** (Hampshire County 17-JA-30, 17-JA-31, and 17-JA-32)

**MEMORANDUM DECISION**

Petitioner Mother S.W., by counsel Charlie B. Johnson, appeals the Circuit Court of Hampshire County's March 8, 2018, order terminating her parental rights to P.B., N.B., and A.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Joyce E. Stewart, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her post-termination visitation.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2017, the DHHR filed a child abuse and neglect petition against the parents. Specifically, the DHHR alleged that the parents engaged in a domestic violence incident in which the father punched petitioner in the face in the presence of the children. Upon arriving at the home, law enforcement officers found petitioner passed out due to her intoxication, visibly injured. Petitioner's home was observed to be in poor condition with no furniture or running water and the children were dirty, the youngest child having a severe diaper rash. Child Protective Services ("CPS") removed the children from the home and discovered that the two older children, then ages seven and five, were unable to communicate. It was later determined that P.B. was deaf and had no knowledge of sign language, and N.B. was autistic and nonverbal. The DHHR also alleged that petitioner made no attempt to contact CPS regarding the status of her children after they were removed from the home.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner does not raise a specific assignment of error with regard to termination of her parental rights.

Thereafter, petitioner evaded service of the petition and failed to attend the preliminary hearing held later in May of 2017. The circuit court was advised that petitioner moved to Maryland and had not communicated with the DHHR.

The DHHR filed an amended petition in September of 2017, alleging medical neglect based upon the parents' failure to provide medical and dental care to the children. The DHHR also alleged that petitioner abandoned the children by failing to initiate any contact with the DHHR since their removal. A hearing was held later in September in which petitioner appeared and was served with the petition. She waived her right to a preliminary hearing and tested positive for marijuana during a recess in the hearing.

The adjudicatory hearing was held over several days from August of 2017 through November of 2017. After hearing testimony, the circuit court found that the parents neglected P.B.'s education and thwarted the efforts of his educators to assist with his care and education, including failing to enroll the child in the West Virginia School for the Deaf for a period of approximately one month. The circuit court found that the parents exhibited a history of domestic violence in the presence of the children, which petitioner attempted to minimize. Further, the circuit court determined that despite testifying that she participated in drug treatment, petitioner remained addicted to drugs and/or alcohol; was arrested while publicly intoxicated; and tested positive for alcohol, methadone, and Tetrahydrocannabinol ("THC") multiple times throughout the course of the proceedings. The circuit court also found that the children were medically neglected. Petitioner denied any wrongdoing, but, ultimately, the circuit court adjudicated her as an abusing parent. Petitioner requested a post-adjudicatory improvement period, but the same was denied upon findings that she was not likely to fully participate with services.

The circuit court held a dispositional hearing in February of 2018. Petitioner admitted that she would test positive for marijuana if tested, but generally minimized her drug abuse and denied engaging in domestic violence with the father. Petitioner presented the testimony of three witnesses who testified that she had a bond with her children. At the close of evidence, the parents requested post-dispositional improvement periods, which were denied. The circuit court found that petitioner accepted little responsibility for her conduct, minimized her involvement in the abuse, placed blame for her actions on other persons, failed to show insight into the conditions of abuse and/or neglect, and failed to resolve any of the conditions of abuse and/or neglect. In fact, petitioner took no steps to seek treatment for her mental health or substance abuse problems and tested positive for illicit substances and/or alcohol on every occasion she was tested throughout the proceedings. Moreover, petitioner failed to seek employment or stable housing and was living in a camper with the father as of the date of the hearing. As such, the circuit court determined that there was no reasonable likelihood that petitioner could correct the conditions of abuse and/or neglect in the near future and that the best interests of the children necessitated termination of parental rights. Further, the court denied petitioner post-termination visitation, finding that the children were in need of permanency and security and that continued

2

contact would be detrimental to their wellbeing. It is from the March 8, 2018, order terminating her parental rights and denying her post-termination visitation that petitioner appeals.[3]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her post-termination visitation with the children. Petitioner relies upon *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) in support of her arguments. In that case, the mother requested post-termination visitation and the circuit court summarily denied her request without a hearing, stating "[t]ermination means termination." According to petitioner, the instant case is comparable to *Katie S.* because she provided evidence that a strong emotional bond existed between her and the children and that visitation would be in their best interest. Petitioner avers that no evidence to the contrary was submitted and, therefore, the circuit court erred in denying her motion. We disagree.

> "When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002).

---

[3]Both parents' parental rights were terminated below. The children were placed in a foster home with a permanency plan of adoption therein.

Contrary to petitioner's assertion, we find that the instant case is distinguishable from *Katie S.* In *Katie S.*, this Court reversed and remanded, in part, because the circuit court failed to meaningfully address post-termination visitation. Here, petitioner presented the testimony of three witnesses who testified that petitioner had a bond with the children. However, evidence was also presented that petitioner left the State following the removal of her children from her care, failed to contact the DHHR, failed to participate in the proceedings for nearly four months, tested positive for controlled substances or alcohol every time she was tested throughout the proceedings, and demonstrated no acceptance of or responsibility for her actions. Moreover, petitioner did not request visitation with her children until the dispositional hearing and testimony established that in her absence the children made significant progress in both their behavior and communication.

Having reviewed the evidence, the circuit court determined that post-termination visitation was not in the children's best interest and that it "simply ha[d] no credible evidence before it in this proceeding to suggest that further contact of these children with [petitioner] would be anything but detrimental to their well-being." We have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). While petitioner's argument relies heavily on the testimony of several witnesses, we note that the circuit court, as the trier of fact, assessed the credibility of all witnesses. Here, the circuit court was provided with ample testimony from several witnesses and ultimately found that petitioner failed to demonstrate that post-termination visitation was in the best interests of the children. We find no error with the circuit court's determination and assessment of the evidence and find that petitioner is entitled to no relief in this regard.

For the foregoing reasons, the circuit court's March 8, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: October 19, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating